ALBANY,
Jan. 1812.

GRISWOLD
v.
THE MASTER
AND WARDENS
OF THE PORT OF
NEW-YORK.

---

### N. & G. GRISWOLD *against* THE MASTER AND WARDENS OF THE PORT OF NEW-YORK.

*A vessel above 50 tons, coming from Connecticut through the Sound to the port of New-York, though a registered vessel, and not having a coasting license, yet if actually employed in the coasting trade, is not liable to the penalty given by the 16th section of the act (sess. 34. c. 198.) relative to the wardens of the port of New-York, for not being reported to the office of the wardens, within 48 hours after her arrival.*

IN error, on *certiorari*, from the justice's court in the city of New-York. The master and wardens of the port of New-York, brought an action of debt against *W. & G. Griswold*, on the 16th section of the " act to establish a board of wardens in the port of New-York, and for the regulation of the pilots and pilotage in the said port," passed the 9th of *April*, 1811, (sess. 34. c. 198.) which declared, " That the master, or one of the owners or consignees of every vessel employed in the coasting trade, and being of the burden of 50 tons, or upwards, which shall arrive at the port of New-York, by the way of *Sandy-Hook*, and every vessel, *other than vessels employed in the coasting trade*, arriving at the said port of New-York, either by the way of *Sandy-Hook*, or through the *Sound*, shall report such vessel at the office of the board of wardens, within 48 hours after the arrival of such vessel at the port of New-York, under the penalty of 50 dollars for each neglect," &c. It appeared, that the ship *Emulation*, of the burden of 330 tons, arrived at the port of New-York, through the *Sound*, on the 11th of *June*, 1811, consigned to the plaintiffs in error. She was a *registered* vessel, without a coasting license; and had never been on any voyage out of the *United States*, being

a new vessel lately built in *Connecticut*, and loaded with wood taken on board at *Haddam*, in *Connecticut*, intended for sale, and sold in *New-York*, and this was her first voyage.

Neither the master, owners, nor consignees, made any report of the vessel within 48 hours after her arrival in the port of *New-York*, to the office of the wardens of the port. The court below gave judgment for the plaintiffs below, for 50 dollars.

The case was submitted to the court without argument.

*Per Curiam.* The single point submitted in this case is, whether a vessel which is, in fact, employed in the coasting trade, and arrives at the port of *New-York*, through the *Sound*, must be reported to the office of the board of *wardens*, under the 16th section of the act of the 9th of *April*, 1811, though she has no coasting license. The act gives a penalty of 50 dollars, for every neglect or omission to report; but it does not define, as is done by the act of congress of the 18th of *February*, 1793, (*Laws United States*, vol. 2. p. 168. cong. 2. sess. 2. c. 8.) what shall be the requisite evidence of a coasting vessel. The act of the legislature was passed for local and municipal purposes, and it was not essential, though it might be convenient, to have required the same test of the character of the vessel which was established by the laws of the *United States*. The second section in the act giving the penalty, is to be taken strictly; and if the vessel be, in fact, as was the case here, employed in the coasting trade, through the *Sound*, she comes within the letter of the exemption from the penalty, and it cannot be exacted.

Judgment reversed.